IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SICORY LOCKETT                                                                PLAINTIFF

versus                                                          CIVIL ACTION NO. 2:06cv103-KS-MTP

UNIVERSITY OF SOUTHERN MISSISSIPPI                       DEFENDANT

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply with certain orders of the court. Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice.

**Procedural History**

On or about April 14, 2006, plaintiff Sicory Lockett ("Lockett") filed this complaint against the University of Southern Mississippi alleging *inter alia* violations of 42 U.S.C. §§ 1981 and 1982. [1].   By motion filed with the complaint, Lockett requested leave to proceed *in forma pauperis* [2].   The court denied the request on June 26, 2006, and directed Lockett to pay the filing fee by no later than July 16, 2006. [7]   In its order, the court warned Lockett that "if the filing fee is not received within the period specified above, this matter will be dismissed without further notice to plaintiff." [7]   However, the docket reflects that the filing fee remains unpaid.

The court's order of June 26, 2006, [7] was mailed to the plaintiff, but was returned as undeliverable. [8]  Likewise, the Report and Recommendations [4] entered by the Magistrate Judge was mailed to the plaintiff and returned as undeliverable. [5]

Lockett has not filed any pleadings and has not contacted the court since filing a change of address notice on June 5, 2006.  Further, process has not been issued or served.  Plaintiff was warned that "failure to properly serve this Complaint upon the defendant within 120 days after

payment of the filing fee may result in the dismissal of this suit." [7]

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court.  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash,* 370 U.S. at 629-31;  *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

The plaintiff has an obligation to inform the court of any address changes:  "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  Uniform Local Rule 11.1;  *see also Wade v. Farmers Ins. Group,* 45 Fed. Appx. 323, at n.12 (5th Cir. 2002)(on appeal of district court's denial of motion for reconsideration of dismissal for failure to prosecute, noting that "it is the responsibility of even incarcerated litigants to inform the court of a change of address").  This burden may not be shifted from the plaintiff as it is "neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."  *Ainsworth v. Payne,*  2006 WL 2912571, at *1 (S.D. Miss. October 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)).

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Although Lockett was warned that the matter would be dismissed unless the filing fee was paid, Lockett did not pay the filing fee.  Likewise, Lockett has not served the complaint as required by Federal Rule of Civil Procedure 4 and as required by the court's order. [7] "If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion, or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice...." Fed. R. Civ P. 4 (m).  As plaintiff has failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

Not only has Lockett failed to timely inform the clerk of address changes, pay the filing fee or serve the complaint upon the defendant, he has not inquired as to the status of his case[2] or otherwise communicated with the court since June 5, 2006.[3]   Thus, it appears that the plaintiff has lost interest in proceeding with this action and has abandoned it.  Accordingly, this case may properly be dismissed under rule 41(b).  *Hejl v. State of Texas,* 664 F.2d 1273, 1274-75 (5th Cir. 1982) (affirming dismissal with prejudice in the "face of a clear record of delay"); *see also Larson v. Scott,* 157 F.3d 1030 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker,* 56 F.3d 1386 (5th Cir. 1995) (affirming dismissal under "circumstances evincing delay or contumacious conduct").

**Recommendation**

As the plaintiff has failed to prosecute this case and to comply with the court's orders,  it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE

---

[2] *See id.* ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.").

[3] Lockett's last communication with the court was a notification that his address had changed. [6] This notice was filed on June 5, 2006. However, the court's order mailed to that address on June 26, 2006 – a mere nineteens days later – was returned as undeliverable [8].

pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m) .

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 5th day of January, 2007.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge